UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Mary C. Davis, Executrix of
the Estate of Kenneth Freeman,
    Plaintiff

    v.                            Civil No. 04-cv-273-SM
                                         Opinion No. 2006 DNH 007

United States of America,
    Defendant

**O R D E R**

Defendant moves the court to reconsider its order dated December 19, 2005.  In support of that motion, defendant asserts that:

> Since all "ordinary annuity interests" within the meaning of Treas. Reg. § 20.7520-3(b)(1)(i)(A) <u>must</u> be valued according to the annuity tables, and since the parties have stipulated that the interest to be valued is such an interest, the regulations in conjunction with the stipulation require that the interest be valued using the tables.

Defendant's memorandum (document no. 24) at 2 (emphasis in original).  In essence, defendant says the law mandates the use of the annuity tables, even when those tables yield a patently unreasonable and unrealistic valuation.  For the reasons set forth in its original order, the court disagrees.

Contrary to defendant's suggestion, the court has <u>not</u> determined that the applicable Treasury Regulation is "invalid." Rather, consistent with the view embraced by several courts (including those cited by the government), it concluded that the law does not require blind adherence to the regulations when doing so would lead to an unreasonable or unrealistic result – hardly a novel interpretation of the applicable law.  The paramount goal of the Tax Code is, after all, to determine the "fair market value" of the asset in question (or, at a minimum, a reasonable approximation of its fair market value).

Defendant's motion for reconsideration (document no. 23) is granted in part, and denied in part.  To the extent it moves the court to reconsider its prior order, the motion is granted.  But, having reconsidered its order dated December 19, 2005, the court declines defendant's invitation to mandate the use of the annuity tables until it can determine whether those tables would yield a valuation that is unreasonable or unrealistic under the facts of this particular case.

The court has, however, reissued its original order to correct three typographical errors (i.e., references to "20 C.F.R." that should, instead, have been "26 C.F.R.").

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

January 27, 2006

cc:  Peter S. Black, Esq.
     Valerie Wright, Esq.
     William C. Knowles, Esq.
     Stephen T. Lyons, Esq.